UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Curt Hepp, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 4692 |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| Ultra Green Energy Services, LLC, | ) | |
| and | ) | |
| M1 Energy Risk Management, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Curt Hepp ("Hepp"), brings this action against Ultra Green Energy Services LLC ("Ultra Green") and M1 Energy Risk Management, LLC ("M1 Energy") alleging two counts of breach of contract. R. 53. Specifically, Hepp alleges that M1 Energy breached its contract with Hepp by failing to pay Hepp the total amount due pursuant to the terms of a jointly executed promissory note. *Id*. Hepp further alleges that Ultra Green breached its contract with Hepp by failing to honor its guarantee of M1 Energy's payment of the note. *Id*. Ultra Green subsequently filed a counterclaim against Hepp asserting that the agreement which gave rise to the promissory note was an illegal wager under 720 ILCS 5/28-1(a)(1) and (2). R. 73. As such, Ultra Green requests that the Court declare the agreement void under 720 ILCS 5/28-7, and order Hepp to return to Ultra Green the monies paid pursuant to 720 ILCS 5/28-8(a). R. 73. Hepp moves to dismiss Ultra Green's counterclaim on three grounds: (1) that Ultra Green has procedurally waived its counterclaim; (2)

1

that Ultra Green's counterclaim is barred by the statute of limitations; and (3) that Ultra Green has failed to properly plead a violation of 720 ILCS 5/28-1 pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 80. For the following reasons, the Court grants Hepp's motion to dismiss, R. 79.

## BACKGROUND

The Court provided a detailed recitation of the relevant facts underlying this cause of action in its Opinion and Order dated May 22, 2014, and presumes familiarity therewith. R. 61. While those facts were taken from Hepp's amended complaint, they are generally not in dispute for purposes of this motion. However, Ultra Green's counterclaim contains the following additional factual allegations[1] that are relevant to the pending motion. Ultra Green alleges that the biodiesel financial swap agreement did not provide for the exchange of any goods or services between the parties. R. 73 ¶ 8. Ultra Green further alleges that there was no underlying derivative asset associated with or connected to the agreement. *Id.* ¶ 9. According to Ultra Green, the agreement was executed privately, without the oversight of a regulated commodities exchange, and was in fact "a wager between the parties; a game of chance in which each party…agreed to pay a fixed amount of money to the other party depending upon the outcome of a future event." *Id.* ¶¶ 10, 12. Because the Court finds that Ultra Green's counterclaim is barred by the statute of limitations, it declines to address the alternative grounds for dismissal.

---

[1] Again, those facts are taken as true, with reasonable inferences construed in Ultra Green's favor. *See Mann*, 707 F.3d at 877. To the extent Ultra Green's facts conflict with the facts as stated by the Court in its May 22, 2014, Order, Ultra Green's version of the facts control for purposes of this Opinion and Order.

ANALYSIS

Ultra Green's counterclaim asserts that the biodiesel financial swap agreement entered into by Hepp and a managing member of Ultra Green, was an illegal game of chance under 720 ILCS 5/28-1(a)(1) and (2), and is therefore void pursuant to 720 ILCS 5/8-7. R. 73. Accordingly, Ultra Green seeks a refund of the monies paid by Ultra Green to Hepp pursuant to 720 ILCS 5/28-8(a).[2] *Id*.

Hepp moves to dismiss Ultra Green's counterclaim arguing that its claim is barred by the 6-month statute of limitations established in 720 ILCS 5/28-8(b). R. 80. Ultra Green advances two arguments in support of its contention that its claim is not barred by the statute of limitations: (1) the statute of limitations has not begun running because the full amount of the alleged illegal wager has not been

---

[2] The Court seriously questions whether the agreement alleged in Hepp's amended complaint and Ultra Green's counterclaim is illegal gambling as defined in 720 ILCS 5/28-1(a). However, because Ultra Green has alleged the agreement as such, and because for purposes of this motion Ultra Green's factual allegations are taken as true, with reasonable inferences construed in Ultra Green's favor, the Court analyzes the present motion assuming that the agreement constituted illegal gambling. *See Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013).

The Court also notes that Ultra Green's counterclaim alleges that the parties' agreement is void pursuant to 720 ILCS 5/28-7 and requests an order declaring it so. R. 73 ¶ 13; R. 73 at 3. However, the Court finds that the counterclaim frames this request not as an independent claim for a declaratory judgment, but as a necessary step prior to requesting that the Court order Hepp to return the monies paid pursuant to the alleged illegal wager under 720 ILCS 5/28-8(a). This finding is supported by the fact that neither Party mentions Ultra Green's request for an order in their birefs, and both argued as though Ultra Green's counterclaim would be dismissed in its entirety if the Court held that the statute of limitations barred Ultra Green's request for the return of the monies paid to Hepp. As such, the Court finds that Ultra Green's claim pursuant to 5/28-8(a) was the sole claim in Ultra Green's counterclaim and analyzes the pending motion accordingly. This finding does not cause Ultra Green any prejudice as it has pled illegality as an affirmative defense to Hepp's amended complaint. R. 71 at 12.

paid; and (2) 735 ILCS 5/13-207 exempts Ultra Green's counterclaims from being dismissed on statute of limitations grounds. R. 86 at 7. The Court finds neither argument persuasive.

**I.  Ultra Green's Claim Is Barred Pursuant To 720 ILCS 5/28-8(b)**

720 ILCS 5/28-8(a) provides that "[a]ny person who by gambling shall lose to another person, any sum of money or thing of value, amounting to the sum of $50 or more and shall pay or deliver the same *or any part thereof*, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof." (emphasis added). The statute goes on to say that "[i]f within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate an action to recover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner." 720 ILCS 5/28-8(b). This language has been interpreted as imposing a 6-month statute of limitations on the "loser's" right to recover monies paid under 5/28-8(a). *See Kizer v. Walden*, 198 Ill. 274 (Ill. 1902) (court held that gambling statute with nearly identical language imposed a 6-month statute of limitations on the loser's right to initiate a private cause of action to recover the money paid pursuant to the wager); *see also Bartlett v. Slusher*, 215 Ill. 348 (Ill. 1905); *Holland v. Swain*, 94 Ill. 154 (Ill. 1879); *Moench v. Graff*, 212 Ill. App. 42 (Ill. App. 3 Dist. 1918).

Ultra Green does not contest that subsection 28-8(a) allows for the recovery of partial payments made pursuant to a lost wager. Indeed, Ultra Green relies on this subsection as providing the legal basis for its recovery of the partial payments it

4

made to Hepp pursuant to the alleged illegal wager. Ultra Green also does not contest that subsection 28-8(b) imposes a 6-month statute of limitations on the "loser's" right to recover payments made under 28-8(a). Ultra Green asks this Court to find, however, that the statute of limitations in subsection 28-8(b) does not begin to run until the loser of the wager pays the full value of the lost wager. In other words, Ultra Green asks this Court to limit the applicability of the statute of limitations espoused in subsection 28-8(b) to those who have paid the full value of their lost wager. Ultra Green does not provide any statutory authority supporting this argument. Absent a basis in the statute supporting Ultra Green's interpretation, the Court must apply the statute according to its plain language.

The 6-month statute of limitations found in subsection 28-8(b) explicitly applies to a "person who *under the terms of Subsection 28-8(a)* is entitled to initiate an action to recover his losses." 5/28-8(b) (emphasis added). The plain language of subsection 28-8(a) clearly covers "any person who by gambling shall lose…any sum of money…and shall pay…the same or *any part thereof*." 5/28-8(a) (emphasis added). As such, the statute of limitation clearly applies to "person[s] who under the terms of Subsection 28-8(a) [are] entitled to initiate an action to recover [their] losses," including those "who by gambling [lost] to another person, any sum of money," and paid the same, "or any part thereof." 28-8(a). Thus, under the statute's plain language, the statute of limitations begins running from the date the payment is made.

Ultra Green's reliance on *Holmes v. Brickey*, 335 Ill. App. 390 (1948), is misplaced. The question in *Holmes* was limited to whether the statute of limitations began running from the day the plaintiff lost the wager, or from the day the plaintiff paid the amount owed under the wager. *Id.* at 393. The court held that the statute did not create a cause of action for the mere losing of a wager, but rather, the cause of action, and resulting limitation, did "not commence to run until the money or thing of value won by the winner ha[d] been paid or delivered by the loser." *Id.* at 395. The court did not consider the question presented in this case – whether the statute of limitations begins to run upon partial payment of a wager. However, to the extent *Holmes* is relevant to this case, its holding supports this Court's determination that the statute of limitations began running when Ultra Green made partial payment to Hepp as the court found that the running of the statute of limitations was triggered by payment of the wager, not simply the determination of winner and loser.

Ultimately, Ultra Green alleges that it paid monies to Hepp pursuant to an illegal wager. It is those sums which Ultra Green seeks to recover under 5/28-8(a). As such, the Court holds that the statute of limitations began running from the date each sum was paid: February 22, 2011 for the $250,000 Ultra Green paid to Hepp, R. 53 ¶ 22; and June 1, 2011 for the $70,398[3] paid to Hepp, R. 53 ¶ 29. Therefore, at

---

[3] Hepp's Amended Complaint alleges that this payment was made by M1 Energy, not Ultra Green. However, for purposes of the motion and determining the latest possible date which the statute of limitations could have begun running, the Court will assume that Ultra Green is seeking recovery of this payment as well as the $250,000 paid on February 22, 2011.

the very latest, the statute of limitations for Ultra Green to recover the monies paid to Hepp expired on December 1, 2011. Ultra Green's counterclaim was not filed until July 10, 2014. As such, Ultra Green's claim under subsection 28-8(a) is barred by subsection 28-8(b).

## II. 735 ILCS 5/13-207 Does Not Apply To Ultra Green's Counterclaim

Ultra Green argues that 735 ILCS 5/13-207 precludes its counterclaim from being barred by the statute of limitations. Section 5/13-207 states that "[a] defendant may plead a set-off or counterclaim barred by the statute of limitation while held by him or her, to any action, the cause of which was owned by the plaintiff or person under who he or she claims, before such set-off or counterclaim was so barred, and not otherwise." In other words, "a defendant in a lawsuit may bring a counterclaim after the period authorized in the applicable statute of limitations has elapsed, as long as the Hepp's claim arose before the cause of action brought as a counterclaim was barred." R. 86 at 7.

The Court notes that Ultra Green neglects to provide the relevant dates to support its argument that section 5/13-207 saves its counterclaim. Regardless, the Court is able to discern the dates from Hepp's amended complaint, R. 53, and Hepp's memorandum, R. 80.[4] Hepp demanded payment from M1 Energy for the remaining amount due and owing under the promissory note on March 22, 2012. R. 53 ¶ 31. M1 refused to make payment. *Id*. Sometime thereafter, Ultra Green

---

[4] Ultra Green's response to Hepp's motion to dismiss does not dispute the dates Hepp relied on in arguing that the statute of limitations barred Ultra Green's counterclaim. R. 86.

7

refused to honor its guarantee of the promissory note. R. 53 ¶ 32. As such, Hepp's claim against Ultra Green arose sometime after March 22, 2012. However, even if the Court were to assume that Hepp's claim arose as early as March 22, 2012, section 5/13-207 would not save Ultra Green's counterclaim. The statute of limitations on the counterclaim expired on December 1, 2011, which was over 3 months prior to Hepp's cause of action against Ultra Green arising. Accordingly, section 5/13-207 does not apply to Ultra Green's counterclaim, and Ultra Green's counterclaim is time-barred pursuant to 5/28-8(b).

## CONCLUSION

The Court concludes that Ultra Green's counterclaim is barred by the statute of limitations provided in 5/28-8(b), and is not entitled to the benefit of 5/13-207. As such, Hepp's motion to dismiss Ultra Green's counterclaim, R. 79, is granted, and Ultra Green's counterclaim is dismissed with prejudice. Ultra Green requests that if the Court finds that its counterclaim is barred by the statute of limitations, it be granted leave to substitute the named plaintiff in the Counterclaim to a co-managing member of Ultra Green, as provided in 5/28-8(b). R. 86 at 8. A counterclaim, by definition, is a claim brought by a pleader against an opposing party, both of whom are already in suit. *See* Fed.R.Civ.Proc. 13. The managing members of Ultra Green, in their individual capacity, are not presently parties in this suit. As such, the Court cannot grant Ultra Green leave to substitute a managing member of Ultra Green for Ultra Green as the named Plaintiff in the counterclaim.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: December 12, 2014